# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brandon G. Adams,<br><br>        Plaintiff,<br><br>   v.<br><br>Middlesex County Probation Division Child Support Enforcement, et al.,<br><br>        Defendants. | Case No. 2:20-cv-02112-RFB-BNW<br><br>**ORDER & REPORT AND RECOMMENDATION** |

Plaintiff Brandon Adams filed a civil rights complaint under 42 U.S.C. § 1983. He also filed an application to proceed *in forma pauperis* (IFP application). (ECF No. 1.) His IFP application and complaint are now before the court for review under 28 U.S.C. § 1915.

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the Court will grant Plaintiff's IFP application (ECF No. 1).

**Factual and Procedural Background**

This case concerns Mr. Adams' child support obligations under New Jersey law. In his complaint, Mr. Adams claims several constitutional violations by (1) the Middlesex County Child Support Enforcement Agency, (2) Matthew Johnson, who seems to have taken part in investigating matters related to the child support case, (3) Judge Daniel Brown, and (4) Crossmark Payroll Department. He sues all defendants in their official capacity.

Mr. Adams seems to allege that child support has been improperly withheld by Middlesex County in New Jersey for two reasons: (1) the court did not have jurisdiction to withhold payments since "no one resides in that state," and (2) the amount of withholdings was not based

on state law. Mr. Adams' exhibits and supplements consist mostly of several child support documents that relate to his allegations.

## Legal Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## Analysis

Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original.");

*D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court. See 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476. The *Rooker–Feldman* doctrine applies even when the state court judgment is not made by the highest state court (*Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 221 (9th Cir.1994); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir.1986)) and when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483–84.

Under the *Rooker–Feldman* doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. *Dubinka*, 23 F.3d at 221 (quoting Feldman, 460 U.S. at 483–84 n. 16). If the constitutional claim presented to a district court is inextricably intertwined with the state court's decision, then the district court essentially is being called upon to review the state court decision. *Id*. The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir.1987).

Mr. Adams calls upon this Court to review the legality of an order entered by Judge Brown and the judgment directing him to make child support payments through the Middlesex County Probation Division. Adams' constitutional challenges to the Middlesex County Court's decision would require review of the state court's decision rather than an investigation of new factual issues. Mr. Adams challenges his original child support order on jurisdictional grounds and disputes the amount he should be paying in child support. Thus, Mr. Adams' claims are "inextricably intertwined" with the state court's ruling. *See Feldman* 460 U.S. at 284–85; *Dubinka*, 23 F.3d at 221.

This Court is barred under the *Rooker–Feldman* doctrine from exercising appellate review over state court decisions. *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 482. Accordingly, this Court recommends that Adams' claim be dismissed for lack of subject matter jurisdiction. *See*

Fed. R. Civ. P. 12(b)(1), (h)(3) (a motion to dismiss for lack of subject matter jurisdiction may be raised by the parties "or otherwise" at any time); *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter jurisdiction, its only remaining function is to declare that fact and dismiss the action).

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IT IS RECOMMENDED THAT** the Complaint (ECF No. 1-1) be dismissed with prejudice.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 1, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE